IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MUND & FESTER GMBH & CO KG a/s/o COMPLEJO AGROINDUSTRIAL BETA S.A. | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| UNITED AIRLINES INC., trading as "UNITED" | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

NOW COMES Plaintiff, MUND & FESTER GMBH & CO KG a/s/o COMPLEJO AGROINDUSTRIAL BETA S.A., by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Complaint against Defendant, UNITED AIRLINES INC., trading as UNITED, states as follows:

1. This action arises out of the Montreal Convention, a Treaty to which the United States is a signatory. The Court has jurisdiction pursuant to 28 USC § 1331.

2. At all material times Defendants were and are present within the jurisdiction of this Honorable Court and transaction referred to hereinafter occurred with the jurisdiction of this Honorable Court.

3. At all material times, MUND & FESTER GMBH & CO KG. (hereinafter "M&F" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Trostbrucke 1, Hamburg 20457 Germany, and is subrogated underwriter of two consignments of Fresh Asparagus, as more fully described below.

4. At all material times, COMPLEJO AGROINDUSTRIAL BETA S.A.(hereinafter "CAB" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Calle Leopoldo Camillo No.160, Chincha Alta, Chincha-Ica, Peru and was the owner and/or shipper of two consignments of Fresh Asparagus, as more fully described below.

5. At all material times, Defendant, UNITED AIRLINES INC., trading as "UNITED" (hereinafter "UNITED" or "Defendant"), is a corporation with an office and place of business located at 233 South Wacker Drive. Chicago, IL 60606, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**FIRST SHIPMENT (260-268)**

7. This is a claim for damages to a consignment consisting of 480 boxes of Fresh Asparagus, which were delivered to the Defendant in good order and condition to be carried from Lima, Peru to Amsterdam Schipol International Airport, Netherlands, pursuant to air waybill number 016-2303-9085 dated April 21, 2018.

8. The consignment was delivered to Defendant, United, on or around April 21, 2018 and was scheduled to be transported by United on the same day, under the aforementioned air waybill issued with the instructions "Perishable…Top…Urgent…

Keep…On…Refrigeration…".

9. The shipment arrived at Houston Airport on April 22, 2018 and departed the same day on board flight No. UA0020 to Amsterdam Schiphol Airport where it arrived on April 23, 2018.

10. When the cargo arrived at its intended destination on or around April 24, 2018, it was determined that the consignment had been exposed to increased temperatures resulting in the shipment showing severe decay and damages conditions as well as smell presence. The asparagus presented a very short storage potential and were sold at distressed sale and for lesser than market values. In short, the cargo had been damaged by temperature distress due to improper handling and care during the air transportation from Lima, Peru to Amsterdam, Netherlands.

11. The product was sold at a depreciated price due to the stressed condition of the Fresh Asparagus, for which CAB suffered damages in the amount of $8,343.24.

12. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assured but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

13. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to Defendant, United, within the time set forth in the Convention.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between CAB and M&F, which provided coverage for, among other things, loss or damage to the subject consignment.

15. Pursuant to the aforementioned contract of insurance between CAB and M&F, monies have been expended on behalf of CAB to the detriment of M&F due to the damages sustained to the cargo during transit.

16. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant.

## **SECOND SHIPMENT (292-176)**

17. This is a claim for damages to a consignment consisting of 480 boxes of Fresh Asparagus, which were delivered to the Defendant in good order and condition to be carried from Lima, Peru to Amsterdam Schipol International Airport, Netherlands, pursuant to air waybill number 016-2309-9564 dated April 12, 2018.

18. The consignment was delivered to Defendant, United, on or around April 12, 2018 and was scheduled to be transported by United on the same day, under the aforementioned air waybill issued with the instructions "Perishable…Top…Urgent…Keep…On…Refrigeration…".

19. The shipment arrived at Houston Airport on April 14, 2018 and departed the same day on board flight No. UA0020 to Amsterdam Schiphol Airport where it arrived on April 14, 2018.

20. When the cargo arrived at its intended destination on or around April 16, 2018, it was determined that the consignment had been exposed to increased temperatures resulting in the shipment showing severe decay and damages conditions as well as smell presence. The asparagus presented a very short storage potential and were sold at distressed sale and for lesser

4

than market values. In short, the cargo had been damaged by temperature distress due to improper handling and care during the air transportation from Lima, Peru to Amsterdam, Netherlands.

21. The product was sold at a depreciated price due to the stressed condition of the Fresh Asparagus, for which CAB suffered damages in the amount of $13,291.74.

22. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assured but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

23. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to Defendant, United, within the time set forth in the Convention.

24. At all times relevant hereto, a contract of insurance for property damage was in effect between CAB and M&F, which provided coverage for, among other things, loss or damage to the subject consignment.

25. Pursuant to the aforementioned contract of insurance between CAB and M&F, monies have been expended on behalf of CAB to the detriment of M&F due to the damages sustained to the cargo during transit.

26. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant.

27. By reason of the foregoing, Plaintiffs have been damaged in the amount of $13,291.74 for the subject shipment as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

**AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

28. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" to "27", inclusive, as if set forth at length herein.

29. Defendant, its agents, servants and/or employees, issued the air waybills No. 016-2303-9085 and 016-2309-9564 in connection with their agreement to carry and/or to arrange for the transportation of both shipments from Lima, Peru to Amsterdam, Netherlands.

30. Pursuant to the contracts entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff to carry, bail, and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

31. Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

32. While in the exclusive care, custody and control of Defendants, the cargo was damaged at some point in time during its carriage between Lima, Peru, and Amsterdam, Netherlands. Defendant's failure to prevent the cargoes from being damaged was a breach of its duties and obligation under the aforementioned air waybills.

6

33. As a direct and proximate result of said breaches of contract by Defendant, Plaintiffs have suffered damages in the amount presently estimated to be no less than $21,634.98.

34. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $21,634.98.

### AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

35. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" to "34", inclusive, as if set forth at length herein.

36. At all material times, Defendant was charged with the exclusive care, custody and control over the aforementioned consignments.

37. Defendant breached its duties as a bailee for hire by failing to properly carry bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

38. Defendant did not deliver both shipments in the same order and condition as required and breached its duties as bailee.

39. As a direct and proximate result of the breach of bailment by Defendants, Plaintiffs have suffered damages in the approximate amount of $21,634.98.

40. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $21,634.98.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

41. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" to "40", inclusive, as if set forth at length herein.

42. Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

43. Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

44. As a direct and proximate result of the negligence of Defendant and their agents, Plaintiffs have suffered damages in the approximate amount of $21,634.98.

45. By reason of the foregoing, Plaintiff have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $21,634.98.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiffs' damages in the amount of at least $21,634.98, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

**LEAHY, EISENBERG & FRAENKEL, LTD.**

By:/s/ *Scott Wing*
*Attorneys for Mund & Fester Gmbh & Co Kg a/s/o Sociedad Agricola Drokasa S.A. and Flamigo Produce, Ltd.,*

**LEAHY, EISENBERG & FRAENKEL, LTD.**
Scott Wing (sw@lefltd.com)
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. 312-368-4554

\\lefpl\Prolaw Files\Documents\CASEY BARNETT, LLC\19651\PLEADINGS\703946.docx